IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CORY BARTON, TDCJ #1761992, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-14-3675 |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal § | |
| Justice - Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Cory Barton (TDCJ #1761992), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Barton has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254, challenging the result of a prison disciplinary proceeding. (Docket Entry No. 1) The respondent has answered with Respondent Stephens's Motion for Summary Judgment with Brief in Support, arguing that Barton is not entitled to the relief that he seeks. (Docket Entry No. 11) The respondent also has provided records of the administrative investigation and disciplinary hearing, including an audio CD of the proceeding. (Docket Entry Nos. 10, 12, 13) Barton has not filed a reply and his time to do so has expired. After reviewing all of the pleadings, the administrative records, and the applicable law, the

court will grant the respondent's motion and dismiss this action for the reasons explained below.

## I. Background

Barton is presently incarcerated as the result of a judgment and sentence entered against him in the 52nd Judicial District Court of Coryell County, Texas. Barton was convicted of two counts of burglary of a building (cause numbers FBR-11-20754 and FBR-11-20755) and three counts of bail jumping (FO-11-21056, FO-11-21057, and FO-11-21058). He was sentenced to ten years' imprisonment in each case on January 6, 2012.

Barton does not challenge any of his underlying convictions. Instead, he challenges the result of a prison disciplinary proceeding lodged against him on January 31, 2014, at the Ellis Unit in Huntsville, Texas, in TDCJ Case No. 2014092953. The administrative record shows that Barton was charged with conspiring with others to introduce contraband into the prison in violation of Code 10.2 and Code 16.0 of the TDCJ Disciplinary Rules and Procedures for Offenders. In particular, Barton was charged with conspiring with his mother, another offender-inmate, and that offender-inmate's girlfriend to introduce 80 cans of smokeless tobacco or chewing tobacco along with other contraband, namely, bubble gum, onto Ellis Unit property.

A report of the administrative investigation shows that Barton was overheard in a recorded telephone conversation asking his

mother (Sandra Buckstorm) to participate in a conspiracy by having her call another offender-inmate's girlfriend (Marie Sanchez) to exchange money for tobacco products that would be dropped onto Ellis Unit property. Approximately 80 cans of smokeless tobacco or chewing tobacco and bubble gum were then dropped off.

Officer A. Vincent was appointed as a "counsel substitute" to assist Barton during the disciplinary proceeding. A report of Officer Vincent's investigation shows that Barton was provided with a copy of the charges and advised of his rights in connection with the disciplinary proceeding, including the right (1) to call and question witnesses; (2) to present documentary evidence; (3) to be represented by a counsel substitute; and (4) to call and question the charging officer at the hearing. Barton indicated that he understood the charges and his rights. Officer Vincent reviewed the case file and obtained records of the recorded phone conversations.

Captain T. Preischal presided over the disciplinary hearing, which took place on February 3, 2014. The written report and hearing record show that the investigating officer (Sergeant C. Crippin) appeared at the hearing and testified that his investigation uncovered a conspiracy involving Barton and others to introduce contraband (tobacco products and bubble gum) onto the Ellis Unit property. Along with the report of his investigation, Crippin provided a report that summarized the phone calls made by

Barton and another offender-inmate to their family members in which they conspired to bring contraband to them at the Ellis Unit.

Barton, who was present at the hearing, testified on his own behalf. He denied saying anything during his phone conversations about tobacco products and argued that he did not have any in his possession. Barton asked for audio recordings of the phone conversations to be played at the hearing, but Captain Preischal denied that request as "irrelevant" and "duplicative" of other records that he had previously reviewed.

Based on the written reports and Sergeant Crippin's testimony, Captain Preischal found Barton guilty as charged. As punishment, Captain Preischal restricted Barton's recreation and commissary privileges for 45 days and suspended his contact visitation privileges through June 1, 2014. Barton also forfeited 360 days of previously earned credit for good conduct (*i.e.*, "good-time credit") and he was reduced in classification status from S2 to L1.

Barton filed a grievance to challenge the conviction in TDCJ Case No. 2014092953. (Step 1 Grievance #2014092119) In that grievance Barton repeated his contention that he made no mention of tobacco or any other contraband in his phone conversations and was not guilty of the charged offense. Barton contended that he was denied the right to "see or hear" evidence against him in the form of phone records. The warden affirmed the conviction after finding no procedural errors and noting that there was sufficient evidence to support a finding of guilt.

-4-

Barton appealed the warden's decision by filing another grievance at the administrative level. (Step 2 Grievance #2014092119) In that appeal Barton repeated the allegations that he made in his initial grievance. A regional administrator affirmed the conviction after finding that sufficient evidence was presented to support the finding of guilt and that "[a]ll due process requirements were satisfied[.]"

Barton now seeks a federal writ of habeas corpus to challenge his disciplinary conviction. Barton argues that the disciplinary conviction violated his right to due process because (1) he was denied the opportunity to present documentary evidence regarding the recorded phone conversations; (2) he was denied an impartial fact-finder; and (3) there was "no evidence to support the finding of guilt."

The respondent notes that Barton did not raise all of his grounds for relief during his administrative grievance appeal from the disciplinary proceeding. The respondent argues, therefore, that Barton did not exhaust available administrative remedies as required with respect to all of his claims. The respondent argues further that Barton is not entitled to relief because his claims lack merit.

## II. Discussion

### A. Exhaustion of Administrative Remedies

The respondent points to the grievances filed by Barton and notes that he did not claim that he was denied the opportunity to

present documentary evidence or that he was denied an impartial fact finder during his disciplinary proceeding. Because these issues were not raised during the formal grievance process, the respondent argues that Barton failed to exhaust available administrative remedies with respect to these claims.

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1)(B).

Texas prisoners are not required to present claims concerning disciplinary convictions to the state courts in an appeal or habeas corpus application. See Ex parte Brager, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) (holding that attacks on prison disciplinary convictions are not cognizable on state habeas review). Instead, Texas prisoners who challenge the result of a disciplinary conviction must seek relief through the two-step TDCJ grievance

process.[1]  Id.  Section 501.008 of the Texas Government Code requires inmates to fully exhaust the TDCJ administrative grievance process before resorting to court. If an inmate fails to do so, his claims may be dismissed for failure to exhaust administrative remedies. See Ex parte Stokes, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

The respondent has provided copies of the relevant grievances submitted by Barton in connection with his disciplinary conviction. (Docket Entry No. 10) Those grievances, which are summarized above, confirm that Barton complained primarily that the charges were unsupported by sufficient evidence (habeas claim 3) and that he was denied an opportunity to see or hear evidence against him in the form of the recorded phone conversations. Barton did not claim that he was denied the opportunity to present documentary evidence (habeas claim 1) and made no mention of being denied an impartial fact-finder (habeas claim 2). Thus, he did not complete both steps of the grievance process with respect to those claims.

A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement. Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Because Barton did not complete

---

[1] TDCJ affords a two-step procedure for presenting administrative grievances. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998). In Step 1 the prisoner submits a grievance at the institutional level. Id. If the decision at Step 1 is unfavorable, Step 2 permits the prisoner to appeal "to the division grievance investigation with the . . . Texas Department of Criminal Justice." Id.

both steps of the prison grievance process with respect to habeas claims 1 and 2, he failed to fully exhaust available administrative remedies with respect to those allegations. Barton has not filed a response to the motion for summary judgment and has offered no explanation for his failure to present all of his claims properly during the grievance process. Accordingly, with the exception of the allegations made in claim 3, Barton's other allegations (habeas claims 1 and 2) are subject to dismissal for lack of exhaustion.

**B.   Due Process in the Prison Disciplinary Context**

The respondent also argues that all of Barton's allegations are without merit and that he fails to demonstrate that he was denied due process during his disciplinary proceeding. In the disciplinary hearing context a prisoner's rights are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2975 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293 (1995). Liberty interests of this sort may emanate from either the Due Process Clause itself or from state law. See Kentucky Dept. of Corrections v. Thompson, 109 S. Ct. 1904, 1908 (1989).

To the extent that Barton challenges the loss of privileges the Fifth Circuit has decided that this type of sanction does not

pose an atypical or significant hardship beyond the ordinary incidents of prison life. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (explaining that limitations imposed upon commissary or recreational privileges and a cell restriction or solitary confinement on a temporary basis are "merely changes in the conditions of [an inmate's] confinement"). Accordingly, these sanctions do not implicate due process concerns. See id. The Fifth Circuit also has held that reductions in a prisoner's classification status and the potential impact on good-time credit earning ability are too attenuated to have an effect on his sentence. See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Barton therefore cannot show that the loss of privileges or the reduction in his class status implicate a constitutionally protected liberty interest. See Malchi, 211 F.3d at 958.

To the extent that Barton argues that the disciplinary conviction could adversely affect his eligibility for parole, it is well established that Texas inmates "have no protected liberty interest in parole." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). The Fifth Circuit has recognized, however, that Texas inmates do have a constitutional expectancy of early release if they are eligible for the form of parole known as mandatory supervision. See Malchi, 211 F.3d at 956 (addressing the mandatory supervision scheme in place prior to September 1, 1996); see also Teague v. Quarterman, 482 F.3d 769 (5th Cir. 2007) (addressing the

-9-

mandatory supervision scheme in place before and after September 1, 1996). As a result, Texas inmates who are eligible for mandatory supervision have a protected liberty interest in the good-time credits that they have earned. See Malchi, 211 F.3d at 956. Because Barton is eligible for mandatory supervision, he was entitled to the minimum amount of due process before his good-time credits were revoked.

## C.   Barton's Due Process Claims

The Supreme Court has observed that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." Wolff, 94 S. Ct. at 2977. In this setting the minimum amount of procedural due process is generally limited to (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence (when the presentation is not unduly hazardous to institutional safety and correctional goals); and (3) a written statement by the fact-finder of the evidence relied upon and the reason for the disciplinary action. See id. at 2978-80. In addition, there must be "some evidence to support the findings made in the disciplinary hearing." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 105 S. Ct. 2768, 2775 (1985). If these criteria are met, a prisoner cannot show that he was punished without due process.

Barton does not claim that he received insufficient notice of the charges, that he was denied witnesses in his defense, or that he was denied a written statement of the reason for his conviction. Although Barton contends that he was denied an opportunity to present phone records at the hearing, the record discloses that the disciplinary hearing officer denied that request as "duplicative" because he had already reviewed the requested records. Thus, Barton was not denied an opportunity to present this evidence.

Barton does not allege facts showing that the disciplinary hearing officer was personally involved in the underlying incident or investigation of the charged offense, and he does not otherwise show that he was denied his right to an impartial decision-maker. Without more, his conclusory allegations of bias are insufficient to raise an issue on habeas corpus review. See Schlang v. Heard, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case.").

Likewise, although Barton contends that there was insufficient evidence to support his conviction, the hearing officer based his finding of guilt on the charging officer's testimony and offense report, which included records of the investigation and a transcript of the recorded phone calls. A charging officer's report and testimony is sufficient evidence to sustain the disciplinary conviction in this instance. See Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001) (finding that the offense report, standing alone, meets the "some evidence" standard).

Based on this record, Barton has not demonstrated that his disciplinary conviction failed to meet the minimum amount of procedural due process required by law. Barton therefore has not established that he was denied due process at his disciplinary proceeding or that he was deprived of good-time credits in violation of his constitutional rights. Accordingly, the respondent's motion for summary judgment will be granted and Barton's habeas corpus petition will be denied.

### III. Certificate of Appealability

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent Stephens's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 20th day of May, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE